

**FILED**
10/2/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION 1:25-cr-00628

Judge Matthew F. Kennelly
Magistrate Judge M. David Weisman
RANDOM/Cat. 4

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. |
| | ) | |
| v. | ) | Violations: Title 21, United States |
| | ) | Code, Section 841(a)(1), 843(a)(3), and |
| AMANI IBRAHIM, | ) | 846 |
| SAMAH IBRAHIM, | ) | |
| JOSEPH HENSON, | ) | |
| EDWIN TORRES, and | ) | **UNDER SEAL** |
| LAQUITA RAWLS | ) | |

**COUNT ONE**

The SPECIAL JUNE 2024 GRAND JURY charges:

Beginning no later than in or around January 2022 and continuing until at least in or about through September 2025, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

AMANI IBRAHIM,
SAMAH IBRAHIM,
JOSEPH HENSON,
EDWIN TORRES, and
LAQUITA RAWLS

defendants herein, did conspire with each other, and with others known and unknown to the Grand Jury:

(1) to knowingly and intentionally possess with intent to distribute and distribute a controlled substance, namely, a quantity of a mixture and substance containing a detectable amount of oxycodone, a Schedule II Controlled Substance, a quantity of a mixture and substance containing a detectable amount of hydrocodone, a Schedule II Controlled Substance, a quantity of a mixture and substance containing

a detectable amount of alprazolam, a Schedule IV Controlled Substance, a quantity of a mixture and substance containing a detectable amount of promethazine-codeine syrup, a Schedule V Controlled Substance, and a quantity of a mixture and substance containing a detectable amount of amphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1); and

(2) to knowingly and intentionally acquire and obtain possession of a controlled substance, namely, a quantity of a mixture and substance containing a detectable amount of oxycodone, a Schedule II Controlled Substance, a quantity of a mixture and substance containing a detectable amount of hydrocodone, a Schedule II Controlled Substance, a quantity of a mixture and substance containing a detectable amount of alprazolam, a Schedule IV Controlled Substance, a quantity of a mixture and substance containing a detectable amount of promethazine-codeine syrup, a Schedule V Controlled Substance, and a quantity of a mixture and substance containing a detectable amount of amphetamine, a Schedule II Controlled Substance, by misrepresentation, fraud, forgery, deception, and subterfuge, in violation of Title 21, United States Code, Section 843(a)(3);

In violation of Title 21, United States Code, Section 846.

## **COUNT TWO**

The SPECIAL JUNE 2024 GRAND JURY further charges:

On or about May 23, 2025, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

EDWIN TORRES,

defendant herein, did knowingly and intentionally acquire and obtain possession of a controlled substance, namely, a quantity of a mixture and substance containing a detectable amount of Oxycodone, a Schedule II Controlled Substance, by misrepresentation, fraud, forgery, deception, and subterfuge;

In violation of Title 21, United States Code, Section 843(a)(3).

## **COUNT THREE**

The SPECIAL JUNE 2024 GRAND JURY further charges:

On or about May 23, 2025, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

EDWIN TORRES,

defendant herein, did knowingly and intentionally possess with intent to distribute a controlled substance, namely, a quantity of a mixture and substance containing a detectable amount of Oxycodone, a Schedule II Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT FOUR

The SPECIAL JUNE 2024 GRAND JURY further charges:

On or about August 22, 2024, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

LAQUITA RAWLS,

defendant herein, did knowingly and intentionally acquire and obtain possession of a controlled substance, namely, a quantity of a mixture and substance containing a detectable amount of Oxycodone, a Schedule II Controlled Substance, by misrepresentation, fraud, forgery, deception, and subterfuge;

In violation of Title 21, United States Code, Section 843(a)(3).

## **<u>COUNT FIVE</u>**

The SPECIAL JUNE 2024 GRAND JURY further charges:

On or about August 22, 2024, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

LAQUITA RAWLS,

defendant herein, did knowingly and intentionally possess with intent to distribute a controlled substance, namely, a quantity of a mixture and substance containing a detectable amount of Oxycodone, a Schedule II Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1).

## **COUNT SIX**

The SPECIAL JUNE 2024 GRAND JURY further charges:

On or about December 13, 2024, at Berwyn, in the Northern District of Illinois, Eastern Division, and elsewhere,

SAMAH IBRAHIM,

defendant herein, did knowingly and intentionally acquire and obtain possession of a controlled substance, namely, a quantity of a mixture and substance containing a detectable amount of Oxycodone, a Schedule II Controlled Substance, by misrepresentation, fraud, forgery, deception, and subterfuge;

In violation of Title 21, United States Code, Section 843(a)(3).

## COUNT SEVEN

The SPECIAL JUNE 2024 GRAND JURY further charges:

On or about December 13, 2024, at Berwyn, in the Northern District of Illinois, Eastern Division, and elsewhere,

SAMAH IBRAHIM,

defendant herein, did knowingly and intentionally possess with intent to distribute a controlled substance, namely, a quantity of a mixture and substance containing a detectable amount of Oxycodone, a Schedule II Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1).

## <u>COUNT EIGHT</u>

The SPECIAL JUNE 2024 GRAND JURY further charges:

On or about January 27, 2025, at Palos Park, in the Northern District of Illinois, Eastern Division, and elsewhere,

SAMAH IBRAHIM,

defendant herein, did knowingly and intentionally acquire and obtain possession of a controlled substance, namely, a quantity of a mixture and substance containing a detectable amount of Hydrocodone, a Schedule II Controlled Substance, by misrepresentation, fraud, forgery, deception, and subterfuge;

In violation of Title 21, United States Code, Section 843(a)(3).

## <u>COUNT NINE</u>

The SPECIAL JUNE 2024 GRAND JURY further charges:

On or about January 27, 2025, at Palos Park, in the Northern District of Illinois, Eastern Division, and elsewhere,

SAMAH IBRAHIM,

defendant herein, did knowingly and intentionally possess with intent to distribute a controlled substance, namely, a quantity of a mixture and substance containing a detectable amount of Hydrocodone, a Schedule II Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1).

## **COUNT TEN**

The SPECIAL JUNE 2024 GRAND JURY further charges:

On or about January 27, 2025, at Hoffman Estates, in the Northern District of Illinois, Eastern Division, and elsewhere,

AMANI IBRAHIM,

defendant herein, did knowingly and intentionally acquire and obtain possession of a controlled substance, namely, a quantity of a mixture and substance containing a detectable amount of Oxycodone, a Schedule II Controlled Substance, by misrepresentation, fraud, forgery, deception, and subterfuge;

In violation of Title 21, United States Code, Section 843(a)(3).

## **COUNT ELEVEN**

The SPECIAL JUNE 2024 GRAND JURY further charges:

On or about January 27, 2025, at Hoffman Estates, in the Northern District of Illinois, Eastern Division, and elsewhere,

AMANI IBRAHIM,

defendant herein, did knowingly and intentionally possess with intent to distribute a controlled substance, namely, a quantity of a mixture and substance containing a detectable amount of Oxycodone, a Schedule II Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1).

## **COUNT TWELVE**

The SPECIAL JUNE 2024 GRAND JURY further charges:

On or about March 11, 2025, at Darien, in the Northern District of Illinois, Eastern Division, and elsewhere,

AMANI IBRAHIM,

defendant herein, did knowingly and intentionally acquire and obtain possession of a controlled substance, namely, a quantity of a mixture and substance containing a detectable amount of Oxycodone, a Schedule II Controlled Substance, by misrepresentation, fraud, forgery, deception, and subterfuge;

In violation of Title 21, United States Code, Section 843(a)(3).

## <u>COUNT THIRTEEN</u>

The SPECIAL JUNE 2024 GRAND JURY further charges:

On or about March 11, 2025, at Darien, in the Northern District of Illinois, Eastern Division, and elsewhere,

AMANI IBRAHIM,

defendant herein, did knowingly and intentionally possess with intent to distribute a controlled substance, namely, a quantity of a mixture and substance containing a detectable amount of Oxycodone, a Schedule II Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1).

## <u>COUNT FOURTEEN</u>

The SPECIAL JUNE 2024 GRAND JURY further charges:

On or about May 13, 2025, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

JOSEPH HENSON,

defendant herein, did knowingly and intentionally acquire and obtain possession of a controlled substance, namely, a quantity of a mixture and substance containing a detectable amount of Oxycodone, a Schedule II Controlled Substance, by misrepresentation, fraud, forgery, deception, and subterfuge;

In violation of Title 21, United States Code, Section 843(a)(3).

## **COUNT FIFTEEN**

The SPECIAL JUNE 2024 GRAND JURY further charges:

On or about May 13, 2025, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

JOSEPH HENSON,

defendant herein, did knowingly and intentionally possess with intent to distribute a controlled substance, a quantity of a mixture and substance containing a detectable amount of Oxycodone, a Schedule II Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1).

**COUNT SIXTEEN**

The SPECIAL JUNE 2024 GRAND JURY further charges:

On or about May 31, 2025, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

EDWIN TORRES,

defendant herein, did knowingly and intentionally acquire and obtain possession of a controlled substance, namely, a quantity of a mixture and substance containing a detectable amount of Alprazolam, a Schedule IV Controlled Substance, by misrepresentation, fraud, forgery, deception, and subterfuge;

In violation of Title 21, United States Code, Section 843(a)(3).

## **COUNT SEVENTEEN**

The SPECIAL JUNE 2024 GRAND JURY further charges:

On or about May 31, 2025, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

EDWIN TORRES,

defendant herein, did knowingly and intentionally possess with intent to distribute a controlled substance, a quantity of a mixture and substance containing a detectable amount of Alprazolam, a Schedule IV Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1).

## **<u>COUNT EIGHTEEN</u>**

The SPECIAL JUNE 2024 GRAND JURY further charges:

On or about June 6, 2025, at Naperville, in the Northern District of Illinois, Eastern Division, and elsewhere,

JOSEPH HENSON,

defendant herein, did knowingly and intentionally acquire and obtain possession of a controlled substance, namely, a quantity of a mixture and substance containing a detectable amount of Oxycodone, a Schedule II Controlled Substance, by misrepresentation, fraud, forgery, deception, and subterfuge;

In violation of Title 21, United States Code, Section 843(a)(3).

### <u>COUNT NINETEEN</u>

The SPECIAL JUNE 2024 GRAND JURY further charges:

On or about June 6, 2025, at Naperville, in the Northern District of Illinois, Eastern Division, and elsewhere,

JOSEPH HENSON,

defendant herein, did knowingly and intentionally possess with intent to distribute a controlled substance, namely, a quantity of a mixture and substance containing a detectable amount of Oxycodone, a Schedule II Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1).

## **COUNT TWENTY**

The SPECIAL JUNE 2024 GRAND JURY further charges:

On or about June 18, 2024, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

LAQUITA RAWLS,

defendant herein, did knowingly and intentionally acquire and obtain possession of a controlled substance, namely, a quantity of a mixture and substance containing a detectable amount of Oxycodone, a Schedule II Controlled Substance, by misrepresentation, fraud, forgery, deception, and subterfuge;

In violation of Title 21, United States Code, Section 843(a)(3).

## COUNT TWENTY-ONE

The SPECIAL JUNE 2024 GRAND JURY further charges:

On or about June 18, 2024, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

LAQUITA RAWLS,

defendant herein, did knowingly and intentionally possess with intent to distribute a controlled substance, namely, a quantity of a mixture and substance containing a detectable amount of Oxycodone, a Schedule II Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1).

## **FORFEITURE NOTICE**

The SPECIAL JUNE 2024 GRAND JURY further alleges:

1.     Upon conviction of an offense in violation of Title 21, United States Code, Section 841, 843, or 846, as set forth in this Indictment, defendants shall forfeit to the United States of America any property which constitutes and is derived from proceeds obtained, directly and indirectly, as a result of the offense; and any property used, and intended to be used, in any manner and part, to commit and facilitate commission of the offense, as provided in Title 21, United States Code, Section 853(a).

2.     The property to be forfeited includes, but is not limited to:

- A purple 2021 Jeep Grand Cherokee with VIN 1C4RJFBG6MC528339;

- A personal money judgment.

3.     If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the

United States of America shall be entitled to forfeiture of substitute property, as provided in Title 21, United States Code, Section 853(p).

A TRUE BILL:

_____
FOREPERSON

_____
Signed by Andrew C. Erskine on behalf of the
UNITED STATES ATTORNEY